## IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER: CV-2019-04-1630

FOP LOCAL 139, SUMMIT COUNTY DEPUTIES
1032 Killian Road
Akron, OH, 44312

-VS-  **SUMMONS**

CITY OF AKRON, OHIO
161 S. High Street
Suite 202
Akron, OH 44308

**TO the following:**

CITY OF AKRON, OHIO
161 S. High Street
Suite 202
Akron, OH 44308

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse, 205 S. High St., Akron, Ohio, 44308.

A copy of the COMPLAINT is attached hereto. The name and address of the Plaintiff's attorney is:

MARK V. GUIDETTI
1360 SOM Center Road
Cleveland, OH

**You are hereby summoned and required to serve upon the attorney listed above, or upon the party if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record.**

**If you fail to appear and defend, judgment may be rendered against you for the relief demanded in the COMPLAINT.**

Sandra Kurt
Summit County Clerk of Courts

April 30, 2019

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| **FRATERNAL ORDER OF POLICE LOCAL 139, SUMMIT COUNTY DEPUTIES**<br>1032 Killian Rd.<br>Akron, Ohio 44312,<br><br>**Plaintiff,**<br><br>-vs-<br><br>**CITY OF AKRON, OHIO**<br>c/o its Director of Law, Eve Belfance<br>161 S. High Street, Suite 202<br>Akron, Ohio 44308,<br><br>**Defendant.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO:<br><br>JUDGE:<br><br><br><br><u>**VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION**</u> |

The Plaintiff, Fraternal Order of Police Local 139, Summit County Deputies ("Plaintiff" or "Local 139"), for its Complaint for a Declaratory Judgment, Preliminary Injunction, and Permanent Injunction against Defendant City of Akron ("Defendant" or "the City"), states as follows:

### PARTIES AND VENUE

1. Plaintiff is the sole and exclusive certified bargaining representative for all Summit County Sheriff's Deputies and is headquartered in the City of Akron, Summit County, at the above-captioned address.

2. As the sole bargaining representative of the Summit County Sheriff's Deputies, Plaintiff is responsible for working to ensure safe and positive working conditions of the Deputies.

3. Defendant is a chartered municipality located in Summit County, which operates pursuant to the general laws of the State of Ohio as well as its own Charter and

Codified Ordinances, and is tasked with all accompanying duties and responsibilities.

## FACTS

4. In 2001, a series of coordinated terrorist attacks were launched against the economic, military, and political infrastructure of the United States, resulting in a more vigilant focus on protecting critical infrastructure across the country.

5. On or about February 12, 2013, The White House issued its Presidential Policy Directive 21, Critical Infrastructure Security and Resilience, naming "Government Facilities," and "Emergency Services" among the "Designated Critical Infrastructure Sectors" that require safeguarding of which the Department of Homeland Security has been designated as the Sector-Specific Agency for both Sectors.

6. The buildings located in the City of Akron between South High Street/Broadway and East Bowery Street and University Avenue ("the buildings") house both the Akron Combined Communications Center, which coordinates dispatch for all municipal emergency forces, and the Summit County Sheriff's Office Communications Bureau, which is the central answering point for all radio transmissions and telephone calls for the communities patrolled by the Summit County Sheriff's Office as well as Springfield Township Police Department, and Metro Parks Serving Summit County, and qualifies as both a "Government Facility" and an "Emergency Services" building as contemplated in Presidential Policy Directive 21, Critical Infrastructure Security and Resilience. The building located 209 South High Street is known as the Court of Common Pleas Complex by the Ohio Supreme Court, and houses the Summit County Court of Common Pleas. These buildings qualify as a "Government Facility" as contemplated in Presidential Policy Directive 21.

2

7. The buildings are bordered to the east by Broadway Street.

8. The buildings are bordered to the west by South High Street, buffered from the roadway by topography, landscaping, and the distance from the roadway.

9. The buildings are bordered to the south by University Ave.

10. The buildings are bordered to the north by another building which provides a barrier between them and any threats from the north.

11. Until recently, parking on Broadway Street to the east of the buildings has been restricted to safety forces personnel only.

12. In or around October 2018, Defendant installed and allowed public metered parking in the area previously restricted to safety force personnel.

## COUNT I – DECLARATORY JUDGMENT

13. Plaintiff incorporates paragraphs 1 through 12 of its Complaint as if fully re-written herein.

14. Presidential Policy Directive 21 was initiated, among many other reasons, to safeguard Designated Critical Infrastructure Sectors such as the buildings that house Akron Combined Communications Center, Summit County Sheriff's Office Communications Bureau, and Summit County Court of Common Pleas.

15. To safeguard Designated Critical Infrastructure Sectors, the Department of Homeland Security considers Reducing Vulnerabilities as one of its primary approaches to managing the risks surrounding and inundating Designated Critical Infrastructure Centers.

16. Defendant's decision to allow public metered parking on Broadway Street to the east of the buildings containing Designated Critical Infrastructure Sectors has opened the

3

buildings to exploitation and/or made them more susceptible to an attack as compared to when the spaces were previously occupied by safety-force personnel only.

17. By opening metered parking to the public in the area that was previously restricted access only, Defendant has unacceptably created a vulnerability which is defined by the Department of Homeland Security as a physical feature or operational attribute that renders an entity open to exploitation or susceptible to a given hazard.

18. Therefore, Plaintiff is entitled to a declaration that Defendant's decision to allow public metered parking violates Presidential Policy Directive 21, an Executive Order or its equivalent.

## COUNT II – PRELIMINARY INJUNCTION

19. Plaintiff incorporates paragraphs 1 through 18 of its Complaint as if fully re-written herein.

20. Restricting the parking in the area on Broadway Street to the east of the buildings provides a buffer between the traffic on the street and the building, and acts as a barrier against hazards or exploitation attempts directed against the buildings.

21. Allowing unrestricted parking, by way of meter, in the area of the Court of Common Pleas Complex adjacent to Broadway Street, to the east of the buildings removes that buffer, leaving no barrier between the street traffic and the buildings, jeopardizing the safe and efficient operation of the City and county emergency services, thus jeopardizing the lives all who provide those services.

22. The removal of the buffer between the street and the buildings jeopardizes the lives of at least 50 Sheriff's deputies and other personnel working in the Court of Common Pleas Complex, among others.

23. Therefore, Plaintiff is entitled to a preliminary injunction prohibiting Defendant from allowing metered parking adjacent to the Court of Common Pleas Complex along Broadway Street.

## COUNT III – PERMANENT INJUNCTION

24. Plaintiff incorporates paragraphs 1 through 23 of its Complaint as if fully re-written herein.

25. Therefore, Plaintiff is entitled to a permanent injunction prohibiting Defendant from allowing metered parking in the area on Broadway Street to the east of the buildings.

**WHEREFORE**, Plaintiffs demand judgment as follows:

1. That the Court declare that Defendant is in violation of and taken action inconsistent with Presidential Policy Directive 21 by creating a vulnerability through allowing public meter parking in an area previously restricted to safety forces personnel.

2. That a Preliminary Injunction be issued against Defendant, prohibiting Defendant from allowing metered parking in the area on Broadway Street to the east of the buildings.

3. That a Permanent Injunction be issued against Defendant, prohibiting Defendant from allowing metered parking in the area on Broadway Street to the east of the buildings.

4. For any reasonable attorneys' fees incurred by Plaintiff relative to the filing of this Complaint and Petition to which it may be entitled; and

5. For the costs of this action, and any and all other relief both legal and equitable that this Court is empowered to grant to Plaintiff.

Respectfully submitted,

_____
MARK V. GUIDETTI (0084175)
mvguidetti@diemertlaw.com
SHANNON D. PARKER (0097429)
sdparker@diemertlaw.com
*Diemert & Associates Co. L.P.A.*
1360 SOM Center Road
Cleveland, Ohio 44124
(440) 442-6800 (phone)
(440) 442-0825 (facsimile)
receptionist@diemertlaw.com

**Counsel for Plaintiff**
**F.O.P. Local 139**

## VERIFICATION

I, Mark V. Guidetti, being first duly sworn according to law, depose and state that the information contained in the foregoing Verified Complaint in this action is true and correct, and any documents attached thereto are authentic copies of the originals, to the best of my knowledge, information and belief.

_____
MARK V. GUIDETTI (0084175)

**Counsel for Plaintiff**
**F.O.P. Local 139**

Sworn to and subscribed before me on this 29th day of April, 2019.

_____
Notary Public

JENNIFER EBERLIN
NOTARY PUBLIC
STATE OF OHIO
Recorded in
Lake County
My Comm. Exp. 2/3/2021

6

## CERTIFICATE OF INFORMAL SERVICE

I hereby certify that on April 29, 2019, the undersigned caused copies of the foregoing to be served via electronic mail on the following:

Eve Belfance
Director of Law
City of Akron
161 South High Street, Suite 202
Akron, Ohio 44308

_____
MARK V. GUIDETTI (0084175)

*Counsel for Plaintiff*
*F.O.P. Local 139*

## REQUEST FOR SERVICE

Plaintiff hereby requests that this Complaint be served on the Defendant at the above-captioned addresses by Certified Mail, Return Receipt Requested.

_____
MARK V. GUIDETTI (0084175)

*Counsel for Plaintiff*
*F.O.P. Local 139*